UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

18 FEB 14 PM 5:20

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Cause No. |
|  | ) |  |
| MAURICE FRAZIER, | ) | 1:18-cr-0043 WTL -TAB |
|  | ) |  |
| Defendant. | ) |  |

**INDICTMENT**

The Grand Jury charges that:

At times material to this charge:

1. The Defendant, Maurice Frazier (hereinafter "Frazier"), was a resident of Indianapolis, Indiana, who was born in 1966. The Defendant worked as a youth minister at a church in Marion County, Indiana.

2. The Defendant's position at the church included counseling, supervising, instructing, or recruiting children as a significant part of his employment.

3. **Coercion and Enticement (18 U.S.C. § 2422(b))**: Under the United States Code, it is unlawful for a person to use the mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal

1

offense, or attempt to do so. This statute incorporates both state and federal law in determining whether the underlying sexual activity is a criminal offense, including (1) the Indiana law prohibiting sexual misconduct with a minor (IC 35-42-4-9(a)(1)); (2) the Indiana law prohibiting sexual misconduct with a minor in a professional relationship (Indiana Code 35-42-4-7(c); and (3) the federal law prohibiting the sexual exploitation of a child (18 U.S.C. § 2251(a)).

4. **Sexual Misconduct with a Minor (Indiana Code 35-42-4-9)**: This Indiana statute prohibits sexual intercourse, other sexual conduct, and / or touching or fondling with the intent to arouse or satisfy sexual desires, between a person who is at least 18 years of age and a child who is 14 or 15 years old.

5. **Sexual Misconduct with a Minor in Professional Relationship (Indiana Code 35-42-4-7(c))**: This Indiana statute also prohibits sexual intercourse, other sexual conduct, and / or touching or fondling with the intent to arouse or satisfy sexual desires, between a person who is at least 18 years of age and a child who is under the age of 18 years if the adult was employed in a position in which counseling, supervising, instructing, or recruiting children forms a significant part of the employment.

6. **Sexual Exploitation of a Child (18 U.S.C. § 2251(a))**: Under the United States Code, it is also unlawful for a person to employ, use, persuade, induce, entice, or coerce any minor to engage in any sexually explicit conduct

for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

7. "Child Pornography" means any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. *See* 18 U.S.C. § 2256.

8. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d)

3

sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. *See* 18 U.S.C. § 2256(2).

9. The term "minor" is defined as a person under the age of 18 years. 18 U.S.C. § 2256(1).

10. The term "visual depiction" is defined as to include undeveloped film and videotape, data stored on computer disk or by other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. 18 U.S.C. § 2256(5).

11. The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

### Girl 1

12. The pseudonym "Girl 1" represents a 14-year-old minor girl middle school student, who lived in the Southern District of Indiana. The Defendant met Girl 1 through his work as a youth pastor at the church in Marion County, Indiana. He then began communicating with her over the course of six to seven months through an internet social networking application.

## The Defendant's Communications with Girl 1

13. The Defendant repeatedly communicated with Girl 1 about engaging in sexual activity with him at various locations he selected in the Indianapolis area. These locations included his residence, her residence, his vehicle, and a church office.

14. The Defendant secretly met with Girl 1 and engaged in sexual activity and sexual intercourse with her on between 10 and 25 occasions.

15. The Defendant's communications with Girl 1 included the sending and receiving of text messages through cellular phones, the exchange of sexually explicit images or videos, and voice calls between himself and Girl 1.

16. On 15 to 20 separate occasions over an approximately six month period, the Defendant repeatedly persuaded, induced, enticed, and coerced Girl 1 to engage in illegal sexual acts or activity even though he knew that she was then only 14-15 years old. The Defendant told Girl 1 that he would flee the area if their sexual activity was discovered.

17. The Defendant told Girl 1 that another person he identified would potentially retaliate against Girl 1 if she reported the Defendant's activities.

18. Because Girl 1 was under the age of 16 years, and because the Defendant was over 50 years of age, the sexual activity and contact during these meetings between the Defendant and Girl 1 would constitute a violation of the Indiana law prohibiting sexual misconduct with a minor (IC 35-42-4-

9(a)(1)) and the Indiana law prohibiting sexual misconduct with a minor in a professional relationship (Indiana Code 35-42-4-7(c)).

19. The Defendant's communications with Girl 1 used facilities of interstate or foreign commerce and were in or affecting interstate or foreign commerce.

## Production of Child Pornography

20. During his communications with Girl 1, the Defendant also knowingly persuaded, induced, enticed, and coerced her to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct.

21. The Defendant would discuss with Girl 1 his desire to obtain these images, videos or live transmissions of Girl 1 engaging in sexually explicit conduct, either alone or with him.

22. The Defendant would direct Girl 1 to engage in the sexually explicit conduct by providing specific instructions in some instances. The Defendant also sent Girl 1 images of his genitals or pubic area.

23. The Defendant's communications with Girl 1 used the internet or a cellular telephone network, which are facilities of interstate or foreign commerce and were in or affecting interstate or foreign commerce.

## COUNT 1

## 18 U.S.C. § 2422(b)
## Coercion and Enticement

24. Between in or about December of 2016 and on or about May 31, 2017, in Marion County, in the Southern District of Indiana, the Defendant, Maurice Frazier, did use a facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, and coerce Girl 1, an individual who has not attained the age of 16 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, one or more of the following state or federal offenses: (1) sexual intercourse and sexual conduct with a person under the age of 16 years as prohibited by Indiana Code 35-42-4-9(a); or (2) sexual misconduct with a minor in a professional relationship (Indiana Code 35-42-4-7(c)); or (3) sexual exploitation of a child as prohibited by 18 U.S.C. § 2251(a).

All of which is a violation of 18 U.S.C. § 2422(b).

## COUNT 2

## Sexual Exploitation of a Child
## 18 U.S.C. § 2251(a)

The Grand Jury further charges that

25. Between in or about December of 2016 and on or about May 31, 2017, in Marion County, in the Southern District of Indiana, the Defendant, Maurice Frazier, did use, employ, entice, persuade, induce, and coerce a minor,

that being, Girl 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing or having reason to know that such visual depiction would be transported or shipped in interstate or foreign commerce or mailed, or such visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or such visual depiction was actually transported or shipped in interstate or foreign commerce or mailed.

All of which is a violation of Title 18, United States Code, Section 2251(a).

## COUNTS 3-8
## Receipt of Child Pornography
## 18 U.S.C. § 2252A(a)(2)

The Grand Jury further charges that

26. On six separate occasions between in or about December 2016 and on or about May 31, 2017, in Marion County, in the Southern District of Indiana, the Defendant, Maurice Frazier, did knowingly receive any child pornography that had been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, that being, child pornography depicting Girl 1 as follows:

| Count | Date | Child Pornography |
|---|---|---|
| 3 | April 24, 2017 | Image 1 |
| 4 | April 24, 2017 | Image 2 |
| 5 | April 24, 2017 | Image 3 |
| 6 | April 24, 2017 | Image 4 |
| 7 | April 24, 2017 | Image 5 |
| 8 | April 24, 2017 | Image 6 |

Each count of which is a separate violation of 18 U.S.C. § 2252A(a)(2).

## COUNT 9
## Possession of Child Pornography
## 18 U.S.C. § 2252A(a)(5)(B)

The Grand Jury further charges that

27. Between in or about December 2016 and on or about May 31, 2017, in Marion County, in the Southern District of Indiana, the Defendant, Maurice Frazier, did knowingly possess one or more film, videotape, computer disk, or any other material that contained an image of child pornography that had been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or

foreign commerce by any means, including by computer, that being, an iPhone 5 cellular telephone.

All of which is a violation of 18 U.S.C. § 2252A(a)(5)(B).

## COUNT 10
## 18 U.S.C. § 2260A
## Offense by a Registered Sex Offender

The Grand Jury further charges that:

28. Between in or about December 2016 and on or about May 31, 2017, in Marion County, in the Southern District of Indiana, the Defendant, Maurice Frazier, committed one or more of the felony offenses involving a minor charged in Count 1 or Count 2 of this Indictment at times when the Defendant was required to register as a sex offender under the laws of the state of Indiana.

All of which is a violation of 18 U.S.C. § 2260A.

Foreperson

JOSH J. MINKLER
United States Attorney

By: _____
Steven D. DeBrota
Deputy Chief, Criminal Division